UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Daniel Goichman

    v.                                            Civil No. 10-cv-79-PB

State of New Hampshire

**REPORT AND RECOMMENDATION**

Before the Court is Daniel Goichman's first amended complaint (document no. 5) alleging that his constitutional rights have been violated by the State of New Hampshire's sex offender registration requirement. Goichman seeks to enjoin the State of New Hampshire from requiring him to register as a sexual offender and seeks an order expunging his criminal record. Because Goichman appears pro se and in forma pauperis, the matter is before me for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted. See 28 U.S.C. § 1915(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

## Standard of Review

Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review. LR 4.3(d)(1)(B). In conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94,

"contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted).  Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citation omitted).

## Background

Daniel Goichman was convicted of felonious sexual assault in violation of N.H. Rev. Stat. Ann. ("RSA") § 632-A:3, for an offense committed on August 19, 2001.  Goichman asserts that he was charged with "statutory rape" after having sexual relations with a girl who was fifteen years old.  Goichman was thirty-eight years old at the time of the offense.  Goichman asserts that the

girl agreed to have sexual relations with him and that he used no force or improper coercion during the encounter.  Goichman pleaded guilty to the offense, spent one year in jail and completed a term of probation.  Because he was convicted of a felony sexual assault against a child, New Hampshire law requires that he register as a sexual offender for the rest of his life. See RSA § 651-B:4.  This requirement includes the obligation to provide the local law enforcement agency in the town where he is living with, among other things, his name, aliases, all of the addresses he uses, all of the phone numbers he uses, social security number, date and place of employment or schooling, race, sex, date of birth, physical description, and vehicle description.  RSA § 651-B:4(III).  The offender may also be required to submit a photo, DNA sample or fingerprints.  Id.

   Goichman claims that he has been harmed by the requirement that he register as a sex offender.  Goichman has diabetes and no one to support him.  Goichman has a Bachelor's Degree and has spent many years gainfully employed.  Until his sexual assault conviction, Goichman had no criminal record.  Goichman alleges that he has been unable to find employment to support himself due to the fact that he has had to register as a sex offender.

4

Goichman claims he has been denied or fired from more than 100 jobs since the time of his conviction, and that as a result, he is unable to earn a living and has become entirely indigent. Goichman has been suicidal as a result of his circumstances. Goichman claims that he does not pose a danger to anyone, except possibly himself, and believes he has adequately paid his debt to society through incarceration and probation.

In 2008, Goichman was charged with violating the sexual offender registration laws. It appears those charges arose when Goichman relocated from New Hampshire to Massachusetts without fulfilling the requirements of the New Hampshire sexual offender registration law. That law requires convicted sex offenders to register details of their travel and intended destination prior to leaving the state. RSA § 651-B:5. Specifically, offenders must, within five days of changing their location, provide notice of their relocation to the local law enforcement agency of the town they are leaving. RSA § 651-B:5(I). If the new location is outside of New Hampshire, the State then notifies the appropriate out-of-state law enforcement agency of the offender's new place of residence, employment, or schooling. RSA § 651-B:15(II). New Hampshire law imposes an affirmative duty on an offender to

register with the local law enforcement agency at their out-of-state destination within ten days of reporting the change of residence to New Hampshire.  Id.  New Hampshire will maintain an offender's information in its registration system if that offender fails to report to the appropriate out-of-state law enforcement agency.  Id.

For purposes of the New Hampshire registration statute, Goichman's offenses classify him as a "Tier II" offender.  See RSA § 651-B:1(IX)(a).  Tier II offenders living in New Hampshire must register in New Hampshire for life, but may petition the Superior Court to have their name removed from the public list of registered persons once all of the terms of the sentence have been fulfilled, and at least fifteen years after the date of the offender's release from incarceration.[1]  See § RSA 651-B:6(III)(a)(2).  The petition to be removed from the public list

---

[1] The Department of Safety, Division of State Police maintains a list of all registered Tier I, II, and III sex offenders.  See RSA § 651-B:7.  That Department maintains "a separate public list of all Tier I, Tier II, and Tier III offenders who are required to register as a result of an offense against a child . . ."  The public list includes the offender's name, alias, age, race, sex, date of birth, physical description, addresses, the offense for which he has been convicted, the date of the adjudication of his offense, outstanding warrants, criminal history, probation or parole status, registration status, school information, and online identifiers where applicable, among other things.  RSA § 651-B:7(III).

must include a risk assessment prepared by a qualified psychiatrist or psychologist.  Further, the Court may grant the petition if the offender has not been convicted of any felony, Class A misdemeanor, or sex offense.  Id.

It is unclear whether or not Goichman was charged in 2008 by the State of New Hampshire, the Commonwealth of Massachusetts or the federal government.  Goichman's pleadings contain no information regarding the status or disposition of those charges.

Goichman states that he has applied to New Hampshire state officials for a pardon and an expungement of his criminal record.  Those requests were denied.  Goichman is not yet eligible to apply for removal from the public list.  See RSA § 651-B:7.

Goichman now asserts the following claims for relief[2]:

1.   The State of New Hampshire has violated Goichman's Eighth Amendment right not to be subjected to cruel and unusual punishment by subjecting him to lifetime sexual offender registration requirements;

---

[2]The claims, as identified herein, will be considered to be the claims raised in Goichman's first amended complaint (document no. 5) for all purposes.  If Goichman disagrees with the claims as identified, he must do so by properly filing either an objection to this Report and Recommendation or a motion to further amend his complaint.

7

      2.    The State of New Hampshire has violated Goichman's Fourteenth Amendment right to equal protection of the laws by requiring him to register as a sex offender for the rest of his life, when sexual offenders convicted under RSA § 632-A:3, who are no more than four years older than their victims, are only required to register as sexual offenders for ten years.

      3.    The State of New Hampshire's requirement that Goichman not leave the state without filing a report violates his right to equal protection of the laws under the Fourteenth Amendment because it penalizes only those sexual offenders who engage in interstate travel;

      4.    New Hampshire's sexual offender registration laws have been superseded by federal laws regarding the registration of sexual offenders, and therefore cannot be enforced against Goichman; and

      5.    New Hampshire's sexual offender registration laws violate Goichman's due process rights under the Fourteenth Amendment because they deny him the opportunity to be excused from the law, even if he can demonstrate that he presents no danger to society.

Goichman seeks an injunction preventing the State of New Hampshire from requiring him to register as a sexual offender. Goichman also requests that this Court issue an order expunging and/or sealing his criminal record. Goichman also seeks declaratory relief.

Discussion

I.  Cruel and Unusual Punishment Claim (Claim 1)

The Eighth Amendment guarantees that a convicted person will not be subjected to cruel and unusual punishment. U.S. Const. Am. VIII; see Ewing v. California, 538 U.S. 11, 20 (2003). The Eighth Amendment does not protect an individual from detrimental effects of nonpenal, regulatory statutes. See Smith v. Doe, 538 U.S. 84, 106 (2003) (civil regulatory scheme requiring sexual offender registration not designed to punish does not implicate Eighth Amendment). In New Hampshire, a statute, even if it has a penal effect, is nonpenal if its purpose is to regulate behavior, and not to punish. See State v. Costello, 138 N.H. 587, 590 (1994). The New Hampshire Supreme Court has found that the state sexual offender registration statute was intended by the state legislature to be regulatory, and not penal. See id.; cf. Syphers v. United States, Civ. No. 07-cv-155-JD, 2007 WL 3101396,

at *4 (D.N.H. Oct. 19, 2007) (finding no Eighth Amendment violation where federal statute required individual to register as a sex offender because registration requirement is regulatory and nonpunitive). The registration requirement challenged here by Goichman is regulatory and does not constitute punishment. Accordingly, the Eighth Amendment offers no sanctuary from the registration requirement, and I recommend that Goichman's Eighth Amendment claim be dismissed.

II. Equal Protection Claims (Claims 2 and 3)

Goichman asserts that his right to equal protection of the laws has been violated because: (a) he has to register as a sex offender for life, while an offender less than four years older than the victim has to register for only ten years, and (b) because sex offenders who engage in interstate travel have an extra reporting requirement, and only offenders who engage in interstate travel can therefore be punished for failing to provide travel details, as sex offenders who travel within the state do not have to provide such details.

The Equal Protection Clause of the Fifth Amendment guarantees that "all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432,

439 (1985); see Toledo v. Sanchez, 454 F.3d 24, 33 (1st Cir. 2006). To sustain his claims, Goichman must first show that he is similarly situated to offenders who are close in age to their victims or who do not leave the State of New Hampshire. "Plaintiffs claiming an equal protection violation must first identify and relate specific instances where persons similarly situated in all relevant aspects were treated differently, instances which have the capacity to demonstrate that plaintiffs were singled out for unlawful oppression." Buchanan v. Maine, 469 F.3d 158, 178 (1st Cir. 2006) (emphasis, alterations and internal quotations omitted).

Offenders who are close in age to their victims or who opt not to leave the State of New Hampshire are not similarly situated to Goichman. The relevant bases of distinction relate to the age differences between the offender and victim and the offender's intent to continue to reside within New Hampshire or to move elsewhere, beyond the State's territorial jurisdiction.

Goichman does not allege that he is being treated any differently than other sexual offenders convicted of "statutory rape" who are more than four years older than their victims. Nor does he allege that he is being treated any differently than

other sex offenders who seek to leave New Hampshire while under a lifetime reporting requirement.  Accordingly, I find that Goichman has not set forth any claim of differential treatment to those similarly situated to him.  I therefore recommend that the equal protection claims raised in Goichman's pleadings be dismissed.

III. <u>Federal Preemption Claim (Claim 4)</u>

Goichman alleges that he is required to register as a sex offender under state law.  Goichman's status as an individual who must register as a sexual offender subjects him to a federal statutory requirement that he comply with those registration procedures.  <u>See</u> Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a) (creating federal criminal offense for failing to comply with state sexual offender registration requirements).  Goichman offers no authority, however, and I can find none, to indicate that SORNA in any way supplants or supersedes the state registration requirement.  The State of New Hampshire and the federal government are independent sovereigns entitled to enforce their own statutes irrespective of whether or not such enforcement might be exercised over the same individual and conduct by both sovereigns.  <u>See</u> <u>United States v. Guzman</u>, 85

F.3d 823, 826 (1st Cir. 1996) (citing Heath v. Alabama, 474 U.S. 82, 88 (1985) ("[W]hen 'a defendant in a single act violates the peace and dignity of two sovereigns by breaking the laws of each, he has committed two distinct offen[s]es' and can be prosecuted and punished for both." (additional internal citations omitted)). As there is no basis upon which this Court can conclude that SORNA supplants New Hampshire's enforcement authority, I recommend dismissal of this claim.

IV.  Due Process Claim (Claim 5)

Goichman claims that he has been denied the due process of law because the state sexual offender registration statute does not permit him any opportunity to be relieved of his lifetime registration requirement based on his lack of dangerousness. Goichman's registration requirement arises out of his guilty plea.  At the time of Goichman's guilty plea, RSA § 651-B:X required that he register as a sex offender for life.  Goichman waived his opportunity to avoid the lifetime registration requirement when he pled guilty to a violation of RSA 632-A:3 and voluntarily gave up his trial rights, which afforded him all of the process he was due.

13

V.     Request to Seal Criminal Records

Goichman requests expungement of his state criminal record on the grounds that, because he is not dangerous, the registration requirement is unfair to him, in that it subjects him to an undeserved stigma that renders him unable to get a job and earn a living.  In New Hampshire, the annulment of criminal records is governed by RSA § 651:5.  That statute prohibits the annulment of criminal records "in the case of any violent crime." See RSA § 651:5(III)(V).  Any felonious sexual assault conviction under RSA § 632-A, including Goichman's offense, is considered a "violent crime" for purposes of the annulment statute.

This Court's jurisdiction to expunge Goichman's state records, if it exists at all, would arise only if this Court exercised its supplemental or ancillary jurisdiction over such a request where a related claim was properly before the Court.  See United States v Coloian, 480 F.3d 47, 50 (1st Cir. 2007).  Such "ancillary jurisdiction exists only (1) to permit disposition of interrelated claims by a single court and (2) to enable a court to 'manage its proceedings, vindicate its authority, and effectuate its decrees.'"  Id. at 52 (finding that a court cannot exercise ancillary jurisdiction over a motion to expunge

14

plaintiff's federal criminal record on purely equitable grounds) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 379-80 (1994)).  Goichman's request, raising no independent constitutional or statutory right to expungement of his record, is a claim for equitable relief that depends on an exercise of this court's ancillary jurisdiction.  As I have found that Goichman has failed to state any federal claim upon which relief might be granted, this Court should decline to exercise its ancillary jurisdiction over this state claim for equitable relief.  This Court otherwise lacks jurisdiction to entertain the request for expungement of Goichman's criminal record, and I recommend that the claim be dismissed.

## Conclusion

For the foregoing reasons, I find that Goichman has failed to state any claim upon which relief might be granted.  I recommend dismissal of the complaint in its entirety.  See LR 4.3(d)(1)(B)(i).  Any objections to this report and recommendation must be filed within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauth. Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st

Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
Landya B. McCafferty
United States Magistrate Judge

Date:    October 1, 2010

cc:      Daniel Goichman, pro se

LBM:jba